The object of the law in requiring the registration of deeds of trust and mortgage is to prevent fraud, by giving notice of such deeds to subsequent purchasers and mortgagees; but when they have notice of them in any other way, the object of the law is answered as much as if they were registered, and they have no equitable ground to complain for the want of registration. This is a plain principle of equity, long acted upon and easily understood. The authorities on the subject are collected together by Sugden on Vendors. (2 Am. Ed.), 511 n.
(114) To apply this principle to the present case, it will follow that the defendants, having notice of the plaintiff's lien, have no equity to avail themselves of its want of registration. I therefore think that the decree below should be reversed.
PER CURIAM. Let the decree below be reversed, and decree for the plaintiff, with costs both at law and in equity.
Cited: Leggett v. Bullock, 44 N.C. 285.
(115)